IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

v.

Case No. 13-10027-JTM

JOSE PICENO,
    Defendant.

MEMORANDUM AND ORDER

Before the court is defendant Jose Piceno's motion to appoint counsel pursuant to 18 U.S.C. § 3006A (Dkt. 90). Piceno requests counsel be appointed to assist him in preparing a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G Amendment 782. That amendment retroactively lowered the base offense levels by two for many drug quantities listed in the sentencing guidelines. Since he was sentenced before the passage of Amendment 782, Piceno argues he was denied the benefit of the retroactive application of the two-offense-level decrease in his sentence. For the following reasons, the court denies the motion

First, a defendant generally has no right to counsel in the prosecution of a § 2255 motion, because the right to appointed counsel extends to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The court may appoint counsel when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), but will

properly decline to do so if the issues are not complex, either legally or factually, if the merits of the claim do not appear colorable, or if the defendant's *pro se* pleadings demonstrate he is capable of adequately articulating his claims. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Here, Piceno's claims are not particularly complex, either legally or factually, and his motion shows he is capable of articulating his claims. Second, defendant's sentence was not based on a guidelines sentencing range. Defendant's guideline range was 324 to 405 months. Piceno was sentenced to 120 months pursuant to a specific, agreed-upon sentence that was not "based on a sentence range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The defendant is therefore not entitled to a reduction under 18 U.S.C.A § 3582(c)(2). Since there is no post-conviction right to counsel and the defendant is not entitled to a sentence reduction, the court finds the interests of justice would not be served by an appointment of counsel and denies the motion.

IT IS THEREFORE ORDERED this 3rd day of May, 2017, that defendant's motion (Dkt. 90) is DENIED.

___s/ J. Thomas Marten_____
J. THOMAS MARTEN, Judge